IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| KENT BELL, #D-76693, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. PWG-15-2496 |
| ALAN C. DREW, Public Defender | * |
| NENUTZKA C. VILLAMAR, Appellate, Public Defender | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | |
|---|---|
| KENT BELL, #D-76693, | * |
| Plaintiff, | * |
| v. | *   Civil Action No. PWG-15-2497 |
| JOHN J. MCCARTHY, State's Attorney for Montgomery County, Maryland | * |
| AMANDA MICHALSKI, Assistant State's Attorney for Montgomery County, Maryland, | * |
| | * |
| Defendants. | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Kent Bell, presently held in confinement in Hackensack, New Jersey, filed two lawsuits seeking money damages and claiming his civil rights were violated when he was arrested and convicted in the Circuit Court for Montgomery County, Maryland. In Civil Action

No. PWG-15-2496 (D. Md.) ("Case #1"), Bell names as defendants his trial and appellate counsel. In Civil Action No. PWG-14-2497 (D. Md.) ("Case #2), Bell names two members of the Montgomery County Office of the State's Attorney. In essence Bell claims he was maliciously and wrongfully prosecuted and that his court-appointed attorneys did not provide adequate representation. *See* Compl. #1, ECF No. 1, Case #1; Compl. #2, ECF No. 1, Case #2.

Examination of Maryland's electronic docket indicates that a Montgomery County jury convicted Bell of child molestation and related offenses on March 5, 2013. *Bell v. Maryland*, No. 121722C (Cir. Ct. Montgomery Cnty., filed Nov. 15, 2012).[1] He was sentenced on July 12, 2013, to an aggregate sentence of 49 years' incarceration and five years' probation, to be served concurrently with his New Jersey sentence. *Id.* His conviction and sentence was upheld by the Maryland Court of Special Appeals in an unreported opinion. *See Bell v. Maryland*, No. 1150 (Md. Ct. Spec. App. January 21, 2015) (unreported); Compl. #1 3. His petition for certiorari review by the Maryland Court of Appeals likewise was denied in an unreported opinion. *See Bell v. Maryland*, 113 A.3d 624 (table) (April 20, 2015).

Accompanying each complaint is Bell's motion for leave to proceed in forma pauperis, ECF No. 2, Case #1; ECF No. 2; ECF No. 2, Case #2, which shall be granted. The cases shall be consolidated for the purpose of initial review.

This court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than

---

[1] The record for this case is available through the Maryland Judiciary Case Search (http://casesearch.courts.state.md.us/casesearch/).

pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722–723 (4th Cir. 1989).

Liberal construction of the complaint does not save it from early dismissal without prejudice because the complaint is not yet cognizable under *Heck v. Humphrey,* 512 U.S. 477 (1994). The plaintiff in *Heck,* an Indiana state prisoner, sought compensatory and money damages and sued two state prosecutors and a state investigator who had participated in the investigation leading to the plaintiff's conviction, alleging that the defendants had "'knowingly destroyed' evidence 'which was exculpatory in nature'" and had also caused an unlawful voice identification procedure to be used at trial. *Heck,* 512 U.S. at 478–79. The Supreme Court concluded that the complaint had to be dismissed:

> We hold that, in order to recover damages for alleged unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. ... But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed in the absence of some other bar to the suit.

*Heck,* 512 U.S. at 486–87 (internal footnotes omitted). Here, Bell's conviction has not been overturned or otherwise invalidated. His request for money damages is premature and will not be considered at this time. A separate Order follows.

Dated: October 9, 2015

/S/
Paul W. Grimm
United States District Judge